UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:

KURT AND KRISTI LIEDERMAN,

Debtors.
_____/

Case No.: 11-51000
Chapter 13
Hon. Walter Shapero

**OPINION GRANTING MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER GRANTING DEBTORS'
OBJECTION TO CLAIM AND VACATING SAID ORDER**

Debtors initially listed Bank of America or its servicer ("BAC") as a secured creditor under a residential mortgage and in their plan indicated a pre-petition arrears of $36,603.30 and a post petition arrearage, to be cured by a single payment of $6,720.86. This case was filed on April 18, 2011. Attorneys for BAC filed a notice of appearance on April 22, 2011, together with a proof of service stating that it was filed with the Court using the electronic court filing ("ECF") system which will send notification to the attorneys for the Debtors.

On August 3, 2011, attorneys for BAC filed its proof of claim together with a proof of service of that claim signed by the attorneys who had filed the appearance, stating that the ECF system would send notification of the filing to the attorney for the Debtors. On September 19, 2011, Debtors filed an objection to BAC's claim stating that the more accurate pre-petition arrearage was $18,383.72; the objection stating that a response was due within 30 days and that if a response was filed, a notice of hearing would be set. No response to the Debtors' claim objection was filed so they filed a certificate of no response on November 1, 2011. The following day, an order was entered granting the objection to the claim and requiring that an amended proof of claim be filed in the reduced amount referred to in the objection. On November 8, 2011, BAC filed a response to the

1

Debtors' objection to its claim. Thereafter the plan was confirmed on November 11, 2011, and on that same day, BAC filed a motion for reconsideration of the order granting the objection to the claim, alleging its attorneys had failed to respond to the objection to its claim because they did not receive notice of same and requesting a hearing on the merits of the issue. The Debtors responded, and without a hearing, the Court denied reconsideration on the basis of the face of the filed proof of service on BAC's counsel. BAC then filed the instant motion essentially, though on somewhat different grounds, seeking a hearing on the Debtors' objection to their pre-petition arrearage claim.

The hearing on the matter and further inquiry has revealed facts, which in their entirety, prompt the Court to grant BAC's request. The Court's files and records show that (a) the notice of the appearance by BAC's attorneys was in fact promptly served electronically on Debtors' counsel; (b) notice of the filing of the proof of claim by the same attorneys who filed the notice of appearance was in fact served electronically on Debtors' attorney; (c) after (a) and (b), Debtors' attorney served an amended plan and other documents, the proofs of service of which did not show specific service upon BAC's attorneys, but only upon the "Creditor Matrix" on which those attorneys are not listed; (d) Debtors' objection to BAC's claim, according to its accompanying proof of service, was served by mail on BAC's attorneys; something which the latter denies receiving, claiming the first notice they had of the objection was their receipt of the order granting the objection to BAC's claim; BAC's response to Debtors' objection was filed late, only some ten days late, and prior to confirmation of the plan; (e) after they filed their objection to BAC's claim on September 19, 2011, asserting therein that the pre-petition arrears were $18,383.72, Debtors filed a second amended plan on October 3, 2011, asserting that the pre-petition arrears were $38,603.30 - virtually the same amounts (actually $2,000.00 higher than) they had set forth in their initial and previously amended

2

plans. It was the latter plan which was apparently confirmed, though relatively contemporaneously with raising of the reconsideration of the objection issue and the confirmation order's provisions themselves relating to claims. There was no reference in the confirmation order of November 19, 2011, to the previous order allowing the objection to the claim and providing for the filing of an amended proof of claim within a specified period of time, failing which the claim would be disallowed in its entirety and attorney fees would be paid to Debtors' counsel; (f) the previous order of this Court denying reconsideration, did not fully take into account all of the above recited facts, and more importantly, did not apply the proper code and rule provisions specifically applicable to claims orders and their reconsideration.

11 U.S.C. § 502(j) states that disallowance of a claim (and that would include disallowance of part of a claim as occurred here) "may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." Implementing Rule 3008 says that after a hearing the Court may enter "an appropriate order." BAC acted promptly, prejudice to Debtors is minimal, and hearings on the merits of a matter are favored, particularly where, as here, substantial amounts are involved and the Debtors themselves have taken seemingly inconsistent postures. The recited facts in their entirety thus require the conclusion that "cause" to reconsider exists and that an order doing so, would be an "appropriate" order and one that is consistent with the "equities of this case," and affords BAC a hearing on the merits of the Debtors' objection to its claim. Accordingly, a status conference will be held on **March 8, 2012, at 1:30 p.m.**, to discuss the date for such a hearing and any discovery needed incident thereto. In addition, the Court will, at such a hearing, consider the possibility of awarding costs to Debtors. BAC shall present an appropriate order.

3

**Signed on February 07, 2012**

                                                                 /s/ Walter Shapero
                                                  **Walter Shapero**
                                                  **United States Bankruptcy Judge**